**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2015-0012 |
| ) | |
| KENNETH ALLEYNE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Attorneys:**
**Christian Andrew Fisanick, Esq.,**
**Anna A. Vlasova, Esq.,**
St. Thomas, U.S.V.I.
*For the Government*

**Gordon C. Rhea, Esq.,**
St. Thomas, U.S.V.I.
*For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on "Defendant Kenneth Alleyne's Motion for a New Trial Based on Ineffective Assistance of Counsel" and his associated "Memorandum of Law in Support of Motion for a New Trial Based on Ineffective Assistance of Counsel," which were filed on December 14, 2016. (Dkt. Nos. 128, 129). On December 27, 2016, the Government filed its "Response in Opposition to Defendant Kenneth Alleyne's Motion for a New Trial Based on Ineffective Assistance of Counsel" (Dkt. No. 130), and Defendant filed his "Response to Government's Opposition to his Motion for a New Trial Based on Ineffective Assistance of Counsel" on January 3, 2017 (Dkt. No. 131). For the following reasons, the Court will deny Defendant's Motion.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On April 28, 2015, the grand jury returned an Indictment charging Defendant with Wire Fraud in violation of 18 U.S.C. § 1343; Theft of Government Money in violation of 18 U.S.C. § 641; and False Statements to the Government in violation of 18 U.S.C. § 1001. (Dkt. No. 1). The matter proceeded to trial, during which the Government contended that from approximately May 1, 2010, to January 12, 2012, Defendant engaged in a scheme to unlawfully use his Overseas Housing Allowance (OHA) to obtain government money to which he was not entitled. The Government introduced evidence during the trial that Defendant represented that he was using the OHA funds to pay monthly rent to his landlord (who is also his mother) when, in fact, he was not paying rent to his mother. On September 30, 2016, the jury returned a verdict of guilty on 42 counts of wire fraud, one count of theft of government money, and one count of false statement to the government in violation of 18 U.S.C. § 1001.

After the jury returned its verdict, Defendant moved for an extension of time to file his post-trial motions. Specifically, Defendant requested permission to file his post-trial motions 20 days after receipt of the trial transcripts. Ruling from the bench, the Court granted Defendant's Motion, which was unopposed. On November 28, 2016, after the transcripts of the jury trial were docketed, the Court entered an Order setting a briefing schedule for Defendant's post-trial motions. (Dkt. No. 122). Pursuant to that Order, on December 13, 2016, Defendant filed his "Motion for a New Trial Based on Ineffective Assistance of Counsel and Supporting Memorandum of Law." (Dkt. No. 126).[1]

---

[1] Because Defendant initially filed the Motion and Memorandum in Support as one document, he was directed to refile his submissions as two separate documents. (Dkt. No. 127). The next day, Defendant filed the instant Motion and the supporting Memorandum of Law. (Dkt. Nos. 128, 129).

Defendant argues that "his trial counsel's failure to interview or present testimony from key exculpatory witnesses known to him and to otherwise present [D]efendant's defense deprived him of his right to effective assistance of counsel guaranteed by the 6th Amendment to the United States Constitution." (Dkt. No. 129 at 1).[2] In particular, Defendant asserts that Attorney Robert King, who represented him during the trial, failed to adequately prepare for the trial in part because Attorney King showed little interest in meeting with Defendant during the pre-trial period and "neglected to spend the requisite time and energy interviewing key, easily attainable witness[es] for reasons wholly unrelated to trial strategy." (*Id.* at 5, 9). Defendant further asserts that Attorney King's lack of preparation caused his cross-examination of Marise James and Nina Clarke-Brewley to be deficient. (*Id.* at 9-11). Defendant argues that "[h]ad Attorney King undertaken even minimal preparation and called just a few of the witnesses [Defendant] had identified, this case would likely have had a dramatically different outcome." (*Id.* at 14).

In its Opposition, the Government disputes the merits of Defendant's Motion, both with regard to whether Attorney King's representation was deficient and whether his alleged deficient representation affected the trial's outcome. (Dkt. No. 130 at 10-11). Noting the witnesses that Attorney King *did* call and the fact that he cross-examined all of the Government's witnesses and objected to various lines of questioning, the Government asserts that "Attorney King had a trial strategy and it is unreasonable to second-guess his decision to present or not present certain testimony." (*Id.* at 10-11). The Government further asserts that "the evidence of [D]efendant's guilt was overwhelming" and that Defendant "failed to establish that any additional testimony

---

[2] During the trial, Defendant was represented by Attorney Robert King. Shortly before Defendant filed the instant Motion, Defendant substituted Attorney Gordon C. Rhea and Attorney Campbell Rhea for Attorney King. (Dkt. No. 124). Attorney Gordon Rhea has entered an appearance on behalf of Defendant. (Dkt. No. 125).

3

would have created a reasonable probability that the result of the proceedings would have been different." (*Id.* at 11).

In addition to its arguments on the merits, the Government argues that Defendant's Motion must be dismissed on procedural grounds. The Government asserts that Defendant's Motion is premature because claims regarding ineffective assistance of counsel, with few exceptions not relevant here, should be brought in a collateral proceeding such as a motion under 18 U.S.C. § 2255. (*Id.* at 7).

In his Response to the Government's Opposition, Defendant addresses both the Government's procedural and substantive arguments. Regarding the Government's assertion that Defendant's Motion is premature and should be brought as a motion under 18 U.S.C. § 2255, Defendant argues that the cases the Government cites in support of its position are inapposite because they all involve circumstances in which the defendant has already been sentenced. (Dkt. No. 131 at 2-3). Noting that he has yet to be sentenced, Defendant cites cases from the Second Circuit for the proposition that the "proper procedural avenue for defendants who wish to raise ineffective assistance claims <u>after conviction but prior to sentencing</u> is a motion for new trial pursuant to Fed. R. Crim. P. 33." (*Id.* at 3 (quoting *United States v. Brown*, 623 F.3d 104, 113 n.5 (2d Cir. 2010)) (quotations omitted) (emphasis in original)).

As to the Government's substantive argument, Defendant asserts that the Government "fails to address the merits of [Defendant's] argument" that he received ineffective assistance of counsel. (*Id.* at 4). Defendant argues that Attorney King's "failure to call—or in many instances, to even interview—the numerous substantive witnesses identified to him by [Defendant]" and to effectively cross-examine Government witnesses cannot be overcome by the fact that Attorney

4

King called a "handful of character witnesses" and cross-examined every Government witness. (*Id.* at 5).

Under the circumstances here, the Court will not address the merits of Defendant's ineffective assistance of counsel claims in the context of his Rule 33 Motion. Contrary to Defendant's position, the Court finds that Defendant's ineffective assistance of counsel claims are more properly brought in a collateral proceeding pursuant to 28 U.S.C. § 2255. Accordingly, the Court will deny Defendant's Motion without prejudice to Defendant's ability to raise any ineffective assistance of counsel claims in a later collateral proceeding.

## II. APPLICABLE LEGAL STANDARDS

Rule 33 of the Federal Rules of Criminal Procedure states in relevant part that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). At times, defendants have grounded Rule 33 motions on claims of ineffective assistance of counsel. *See Brown*, 623 F.3d at 113; *United States v. Kennedy*, 354 F. App'x 632, 637 (3d Cir. 2009). In order to establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The first prong of the *Strickland* test is the performance prong—i.e., "that counsel's representation fell below an objective standard of reasonableness." *Gov't of the Virgin Islands v. Vanterpool*, 767 F.3d 157, 165 (3d Cir. 2014) (quoting *Strickland*, 466 U.S. at 688 (quotations omitted)). The proper inquiry here is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. While this inquiry "is necessarily linked to the practice and expectations of the legal community. . . . a fair assessment of attorney performance requires [the court] to evaluate the conduct from counsel's perspective at the time." *Vanterpool*,

767 F.3d at 165 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010); *Strickland*, 466 U.S. at 689) (quotations and ellipses omitted).

The second prong of the *Strickland* test is the prejudice prong—i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, 'the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).

Although defendants at times raise ineffective assistance of counsel claims on direct appeal, the Third Circuit has expressed a strong preference that such claims be litigated in a separate, collateral proceeding. *See, e.g.*, *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack."); *United States v. Gaydos*, 108 F.3d 505, 512 n.5 (3d Cir. 1997) ("We have emphasized our preference that claims of ineffectiveness of counsel be raised in a collateral proceeding under 28 U.S.C. § 2255."); *United States v. Sandini*, 888 F.2d 300, 312 (3d Cir. 1989) ("We have repeatedly expressed our strong preference for reviewing allegations of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255 rather than on direct appeal."); *Gov't of Virgin Islands v. Forte*, 806 F.2d 73, 77 (3d Cir. 1986) ("This court has clearly established that a defendant must raise ineffective assistance of counsel in a collateral proceeding under 28 U.S.C. § 2255 in order that the district court may create a sufficient record for appellate review.").

There are, however, narrow exceptions to the general rule espoused in the Third Circuit that ineffective assistance of counsel claims should be raised in a collateral proceeding. For example, "[w]here the record is sufficient to allow determination of ineffective assistance of

counsel, an evidentiary hearing to develop the facts is not needed." *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991) (holding that ineffective assistance of counsel claim could be heard on direct appeal where "[t]here [was] no rational basis to believe that [the defendant's] trial counsel's failure to argue [for a downward sentencing] adjustment was a strategic choice"); *see also Gov't of Virgin Islands v. Zepp*, 748 F.2d 125, 133-34 (3d Cir. 1984) (considering the defendant's ineffective assistance of counsel claims on direct appeal where the claims were based on an actual conflict of interest between the defendant and his attorney that was apparent from the face of the trial record); *cf. Sandini*, 888 F.2d at 312 (noting that, in contrast to cases involving a conflict of interest, "claims predicated upon attorney's errors *do* require a showing of prejudice and therefore may involve facts not adequately developed in the record") (emphasis in original). Similarly, the Third Circuit has heard ineffective assistance of counsel claims on direct appeal where a defendant would not have had the opportunity to bring such claims in a collateral proceeding. *Vanterpool*, 767 F.3d at 163 (re-affirming the preference not to hear ineffective assistance of counsel claims on direct appeal and noting that "there will not, in the typical case, exist a record developed enough to assess the efficacy of defense counsel" but remanding the case to the district court for an evidentiary hearing where the defendant was "unlikely to meet the 'in custody' requirement to bring a collateral habeas petition").

### III. ANALYSIS

The Court finds that Defendant's claims of ineffective assistance of counsel should be brought in a collateral proceeding and will therefore deny Defendant's Motion.[3]

---

[3] The Government also asserts that Defendant's Motion is untimely in that Rule 33 requires that motions based on any reason other than newly discovered evidence be filed within 14 days after the verdict, which is well before Defendant's Motion was filed. (Dkt. No. 130 at 2 (citing Fed. R. Crim. P. 33(b))). The Government reasons that it was "unlikely" that the Court's Order setting a deadline for post-trial motions applies to a motion for a new trial based on ineffective assistance

7

Undeterred by the Third Circuit's "strong preference" to hear ineffective assistance of counsel claims in collateral proceedings rather than on direct appeal, Defendant argues that the Third Circuit cases the Government cites in its Opposition are inapposite in that they only stand for the proposition that "an ineffective assistance of counsel claim, once it has reached the appellate stage, is more appropriately adjudicated on collateral attack as opposed to direct appeal." (Dkt. No. 131 at 3). Defendant asserts that, because he has not yet been sentenced,[4] raising his ineffective assistance of counsel claim in a Rule 33 motion is the proper procedure.[5] The Court disagrees and finds that the Third Circuit's "strong preference for reviewing allegations of ineffective assistance

---

of counsel. (*Id.* at 3). The Court finds this argument to be without merit. As Defendant notes, the Court's November 28, 2016 Order—which memorializes the Court's earlier ruling from the bench granting Defendant's request for an extension of time to file post-trial motions—states that Defendant shall have through December 13, 2016, "within which to file *any* post-trial motions." (Dkt. No. 122 at 1 (emphasis added)).

[4] In making his argument, Defendant necessarily emphasizes that he has not yet been sentenced. (*See, e.g.,* Dkt. No. 131 at 3 ("Alleyne has yet to be sentenced"; "Alleyne, . . . is currently awaiting sentencing"; "[s]ince this case has yet to reach the sentencing phase . . ."). Defendant has not yet been sentenced because the Court exercised its discretion to accommodate Defendant by granting his request for an extension of time to file his post-trial motion until 20 days after receipt of the trial transcripts—essentially a two-month extension—and because of the Court's general practice of sentencing defendants after the adjudication of post-trial motions.

[5] In support of his position, Defendant cites the following cases from the Second Circuit: *United States v. Brown*, 623 F.3d at 113; *United States v. Velazquez*, 197 F. Supp. 3d 481, 508 (E.D.N.Y. 2016); and *United States v. Rivera*, 2013 WL 2627184, at *3 (E.D.N.Y. June 11, 2013), *aff'd,* 799 F.3d 180 (2d Cir. 2015). Most significantly, the Second Circuit in *Brown* held that "we do not agree with the district court that [the defendant] was precluded from raising his ineffective assistance of counsel claim until after he was sentenced. Instead, we hold that the proper procedural avenue for defendants who wish to raise ineffective assistance claims after conviction but prior to sentencing is a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33." 623 F.3d at 113 n.5. However, Defendant cites no decision within the Third Circuit—and this Court is aware of none—that follows the Second Circuit's position in this regard. To the contrary, the case law within the Third Circuit is clear that, with limited exceptions, claims for ineffective assistance of counsel should be litigated in collateral proceedings. Given this apparent split between the Second and Third Circuits on this issue, the decisions of *Brown*, *Velazquez*, and *Rivera* that Defendant cites are unpersuasive.

8

of counsel in collateral proceedings," *Sandini*, 888 F.2d at 312, also applies to a district court's adjudication of Rule 33 motions filed prior to sentencing.

The Court finds that the case law within the Third Circuit directly undercuts Defendant's position that the preference for litigating ineffective assistance of counsel claims in collateral proceedings arises only after sentencing. *See, e.g.*, *United States v. Matthews*, 2006 WL 3231878, at *1 (W.D. Pa. Nov. 7, 2006) (denying defendant's motion for a new trial, which was filed prior to sentencing, and noting that the "ineffective assistance of counsel claim would more appropriately be brought before the court pursuant to 28 U.S.C. § 2255"); *United States v. Kelly*, 2006 WL 2506353, at *8 (E.D. Pa. Aug. 29, 2006) (denying as premature the arguments in a defendant's pre-sentencing Rule 33 motion regarding ineffective assistance of counsel and noting that "[t]he Court of Appeals for the Third Circuit has repeatedly stated a strong preference for litigating ineffective assistance of counsel claims in separate proceedings under 28 U.S.C. § 2255"), *rev'd and remanded* on other grounds, 539 F.3d 172 (3d Cir. 2008); *United States v. Zomber*, 358 F. Supp. 2d 442, 454 (E.D. Pa. 2005) (denying defendant's motion for a new trial, which was filed prior to sentencing, and noting that "[n]otwithstanding [the defendant's] arguments, the case law appears quite clear that ineffective assistance of counsel claims should be raised through a § 2255 petition rather than on direct appeal") (abrogated on other grounds by *United States v. Newmark*, 374 F. App'x 279 (3d Cir. 2010)).

In this regard, the Court finds the case of *United States v. Calloway*, 2013 WL 1694803 (D.N.J. Apr. 18, 2013), *aff'd,* 571 F. App'x 131 (3d Cir. 2014) to be particularly instructive. In *Calloway*, the defendant, prior to his sentencing, filed a motion for a new trial under Rule 33, arguing in part that he received ineffective assistance of counsel during his trial. *Id.* at *2. The defendant specifically asserted that his counsel's performance was deficient as to "(1) [the] failure

to request a competency evaluation; (2) asking the jury to find [d]efendant 'guilty' in closing arguments; and (3) [the] alleged failure to adequately counsel [d]efendant on the benefit of accepting the Government's plea offer." *Id.* at *6. However, the district court declined to consider the merits of the defendant's ineffective assistance of counsel claims, noting that "[i]n the interests of judicial efficiency, the Court finds that these claims will be better addressed in a collateral proceeding following sentencing and [the defendant's] direct appeal." *Id.* at *7. In so holding, the district court noted that "[w]hile not mandatory, the Third Circuit has stated that ineffective assistance of counsel claims generally should be heard in collateral proceedings, and not in a motion for a new trial." *Id.* at *6 (citing *United States v. Kennedy*, 682 F.3d 244, 250 n.3 (3d Cir. 2012) ("[C]laims of ineffective assistance of counsel typically should be asserted in collateral proceedings, not . . . in motions for a new trial."); *United States v. Chorin*, 322 F.3d 274, 282 n.4 (3d Cir. 2003) ("[T]his Court has expressed a preference that ineffective assistance of trial counsel claims be brought as collateral challenges under 28 U.S.C. § 2255, rather than as motions for new trials . . . .")). The district court reasoned that the "claims regarding his trial attorney's alleged errors substantially rest on evidence outside the record before this [c]ourt. They are better addressed in a collateral proceeding, where a full factual record can be developed as to [d]efendant's interactions with his trial counsel." *Id.* at *7.

The decision of the district court in *Calloway* was affirmed on appeal. *United States v. Calloway*, 571 F. App'x 131 (3d Cir. 2014). In an unreported decision, the Court refused to address the merits of the ineffective assistance of counsel claims "because [the Court] conclude[d] that the claim should be brought in a collateral attack on the conviction pursuant to 28 U.S.C. § 2255." *Id.* at 134. The Court noted that the Third Circuit "has held repeatedly, [that] the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim

may be developed." *Id.* (quoting *Headley*, 923 F.2d at 1083) (quotations omitted). The Court reasoned that the factual record was not sufficiently developed to allow for review:

> [T]here has been no hearing at which [the defendant's] trial counsel could have "explained the reasons for his actions," *United States v. Cocivera*, 104 F.3d 566, 571 (3d Cir. 1996)[.] [T]he record only "reflect[s] the action taken by counsel but not the reasons for it," [*Massaro v. United States*, 538 U.S. 500, 505 (2003)].

*Id.* The Court thus, "affirm[ed] the District Court's denial of [the defendant's] motion for a new trial based on ineffective assistance of trial counsel, without prejudice to his right to initiate a collateral proceeding for the resolution of this claim on the merits." *Id.* at 135.

This Court finds that the decision in *Calloway* is on all fours with the instant case. Notably, the defendant in *Calloway*—as Defendant did here—raised his ineffective assistance of counsel claims in a Rule 33 motion prior to sentencing, but the Court nonetheless followed the line of Third Circuit cases holding that "the proper avenue for pursuing such claims is through a collateral proceeding." *Id.* at 134 (quoting *Headley*, 923 F.2d at 1083) (quotations omitted). The Court thus rejects Defendant's contention that raising his ineffective assistance claims prior to sentencing in a Rule 33 motion is a factual distinction that renders "inapposite" the Third Circuit cases which—with narrow exceptions not applicable here—conclude that such claims should be litigated in a collateral proceeding. (*See* Dkt. No. 131 at 2-3).

Moreover, like the record in *Calloway*, the Court finds that the factual record here is not sufficiently developed to permit review of Defendant's claims. *See Calloway*, 571 F. App'x at 134. In connection with his Motion, Defendant submitted the affidavits of himself, Jamie Cook, Elton Lewis, and Marise James. (Dkt. Nos. 129, 132). While these affidavits shed some light on Attorney King's preparation for the trial and the decisions he made, they are devoid of any evidence regarding *why* Attorney King made the decisions that he did. As in *Calloway*, "the record only 'reflect[s] the action taken by counsel but not the reasons for it.'" *Calloway*, 571 F. App'x at 134

(quoting *Massaro*, 538 U.S. at 505). Even considering the affidavits submitted by Defendant, the record in this matter does not present the type of egregious errors that would leave the Court with "no rational basis" to believe that Attorney King's conduct was strategic, *cf. Headley*, 923 F.2d at 1083, nor is there an actual conflict of interest apparent from the record, *cf. Zepp*, 748 F.2d at 133-34. Rather, the import of Defendant's assertions that Attorney King failed to interview and present the testimony of "key exculpatory witnesses" and did not effectively cross-examine Government witnesses (Dkt. No. 129 at 1, 9-11), "substantially rest[s] on evidence outside the record before this Court," and thus is more appropriately determined in a collateral proceeding where a full factual record can be developed. *Calloway*, 2013 WL 1694803, at *7.[6]

Finally, the Court questions the wisdom of the approach advocated by Defendant that a court should rule on an ineffective assistance of counsel claim raised in a Rule 33 motion as a matter of course as long as the Rule 33 motion is filed before the defendant is sentenced. It strikes the Court as odd that the determination of whether a claim for ineffective assistance of counsel should be litigated in a collateral proceeding hinges on the seemingly arbitrary fact of when the

---

[6] For example, in his affidavit, Defendant asserts, *inter alia*, that the meetings he had with Attorney King "were generally hurried, lasted only a few minutes, and seldom delved into the details of my case"; that Attorney King "did not seem to be interested in subpoenaing the documents that I suggested or even interviewing the witnesses that I proposed"; and that "[i]t was clear that [Attorney King] was not doing the preparation necessary to defend me in court." (Dkt. No. 129-1 at 2-3). Also in his affidavit, Defendant lists seven "key witnesses" that he asserts he identified for Attorney King as having "information essential to [his] defense." (*Id.* at 3-5). Defendant claims that Attorney King failed to adequately utilize these witnesses in that he either failed to interview and/or call them as witnesses or "failed to ask [those whom he called] questions that elicit the exculpatory testimony that he knew they were able to give." (*Id.* at 3-4).

The above assertions graphically illustrate that Defendant's ineffective assistance of counsel claims cannot be properly analyzed on the current record. Rather, determining the veracity of such assertions and, if true, whether Attorney King's decisions were strategic, would require a separate evidentiary hearing at which Attorney King's account of the facts is presented. *See, e.g.*, *Calloway*, 571 F. App'x at 134 ("there has been no hearing at which [the defendant's] trial counsel could have 'explained the reasons for his actions'") (quoting *Cocivera*, 104 F.3d at 571).

defendant is sentenced in relation to the filing of a Rule 33 motion. Moreover, such an approach could incentivize defendants to hastily file underdeveloped Rule 33 motions based on ineffective assistance of counsel just to do so prior to sentencing.

In contrast to Defendant's position, the general approach expressed by the Third Circuit—which is grounded in whether the existing record is adequate to adjudicate the ineffective assistance of counsel claim—rests on a more solid and predictable foundation than the approach advocated by Defendant. The wisdom of the Third Circuit's approach is readily apparent.

### IV.   CONCLUSION

Following the Third Circuit's approach, the Court concludes that Defendant's claims of ineffective assistance of counsel should be brought in a collateral proceeding. Accordingly, the Court will deny without prejudice Defendant's Motion for a New Trial Based on Ineffective Assistance of Counsel (Dkt. No. 128) and will proceed to Defendant's sentencing. Defendant is free to raise his ineffective assistance of counsel claims in a collateral proceeding under 28 U.S.C. § 2255. An appropriate Order accompanies this Memorandum Opinion.

Date:  March 16, 2017                               _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge